1  MAURICE D. PESSAH (SBN: 275955)
   maurice@pessahgroup.com
2  MICHELLE M. EMRANI (SBN: 303067)
3  michelle@pessahgroup.com
   MICHAEL-MORRIS NUSSBAUM (SBN: 317146)
4  mmnussbaum@pessahgroup.com
5  **PESSAH LAW GROUP, PC**
6  1801 Century Park East, 26th Floor
   Los Angeles, CA 90067
7  Telephone: (310) 772-2261
8
   *Attorneys for Plaintiff,*
9  CHRIS NADDEO aka "The Masked Singer"
10

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS NADDEO aka "The Masked Singer", an individual, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. **Violation of the California Common Law Right of Publicity;** |
| PLESTIS STUDIOS, INC. d/b/a SMART DOG MEDIA a California Corporation; ENDEMOL SHINE US OFFICE, LLC d/b/a ENDEMOL SHINE NORTH AMERICA, a Delaware Limited Liability Company; FOX ALTERNATIVE ENTERTAINMENT, INC., a Delaware Corporation; and FOXAMERICA CORPORATION, a Delaware Corporation; and DOES 1-100, inclusive, | 2. **Misappropriation of Name and Likeness (Cal. Civ. Code § 3344);** |
| | 3. **Common Law Trademark Infringement; and** |
| | 4. **Unlawful Business Practices (Cal. Bus. & Prof. Code §17200, *et seq*.)** |
| | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff CHRIS NADDEO ("Naddeo" or "Plaintiff"), brings this Complaint for

1

**COMPLAINT FOR DAMAGES**

damages and injunctive relief as the Court deems appropriate against Defendants, PLESTIS STUDIOS d/b/a SMART DOG MEDIA, a California Corporation; ENDEMOL SHINE US OFFICE, LLC, A Delaware Limited Liability Corporation; FOX ALTERNATIVE ENTERTAINMENT, a Delaware Corporation; FOXAMERICA Corporation, a Delaware Corporation; and DOES 1-100, inclusive, based on the following allegations:

## INTRODUCTION

1. Plaintiff Chris Naddeo ("Plaintiff" or "Naddeo"), a talented lifelong musician, independently created the stage name and persona "THE MASKED SINGER," using the distinctive name to draw a massive audience to his performances on the wildly popular social media platform, Vine.

2. Plaintiff's distinctive THE MASKED SINGER persona consists of Plaintiff, concealed behind a signature face mask, singing covers of famous songs against a backdrop of clues as to his possibly famous identity. Plaintiff published and posted videos of his covers to Vine, where devout viewers watched and speculated as to who THE MASKED SINGER could be.

3. The public came to associate "THE MASKED SINGER" with Plaintiff, who amassed over one hundred eighty million (180,000,000) views of his performances on the Vine platform and across other social media platforms such as YouTube and Instagram.

4. Plaintiff's popularity on these platforms, attracted widespread domestic and international interest, intrigue and acclaim, and was fueled by public speculation as to THE MASKED SINGER'S identity, a deliberate and closely guarded secret. This mystique and distinct manner of presentation further engaged Plaintiff's loyal fan base through Plaintiff's persona and signature trademark—THE MASKED SINGER.

5. At all pertinent times, Plaintiff has continuously, openly, and widely used his MASKED SINGER persona, and continues to use the name in connection

with his occupation as a lead singer performing in venues across the United States and via virtual mediums such as YouTube and Instagram.

6. In or about August of 2018, Plaintiff learned that his THE MASKED SINGER name, likeness, and persona artistic concept were being exploited by the Defendants for profit without Plaintiff's consent.

7. Upon information and belief, Defendants have accumulated a substantial amount of ill-gotten profits in connection with their unlawful commercial use of Plaintiff's stage name, likeness, and common law trademark. Defendants' use of Plaintiff's name, likeness and associated goodwill was intended to, and actually did, confuse and misdirect consumers into believing that Naddeo is affiliated with, has endorsed and/or is the originator of the unauthorized television show bearing his stage name, artistic concept, and likeness. Plaintiff never consented to Defendants' use of his name, likeness, or brand, be it by license or otherwise.

## PARTIES

8. At all times herein mentioned, Plaintiff Chris Naddeo was and is an individual residing in Orlando, Florida.

9. Plaintiff is informed and believes, and based thereon alleges that Defendant PLESTIS STUDIOS, INC. d/b/a SMART DOG MEDIA ("Plestis"), is, and at all times herein mentioned was, a California Corporation, with its principal place of business located at 450 North Roxbury Drive, 8th Floor, Beverly Hills, CA 90210.

10. Plaintiff is informed and believes, and based thereon alleges that Defendant ENDEMOL SHINE US OFFICE LLC, D/B/A ENDEMOL SHINE NORTH AMERICA ("Endemol"), is, and at all times herein mentioned was, a Delaware corporation with its principal place of business located at 5161 Lankershim Boulevard, #400, North Hollywood, CA 91601.

11. Plaintiff is informed and believes, and based thereon alleges that Defendant FOX ALTERNATIVE ENTERTAINMENT, LLC ("Fox Alternative"), is,

and at all times herein mentioned was, a Delaware corporation with its principal place of business located at 10201 West Pico Boulevard, Los Angeles, CA 90035.

12. Plaintiff is informed and believes, and based thereon alleges that Defendant FOXAMERICA CORPORATION ("Fox"), is, and at all times herein mentioned was, a Delaware corporation with its principal place of business located at 1211 Avenue of the Americas, New York, New York, 10036.

13. Defendants Does 1 through 100, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named defendants is the agent, servant, employee, representative, partner, and/or joint-venturer of their co-defendants, and so ratifies all of their acts and conduct. Therefore, each Doe Defendant is responsible in some manner for the occurrences herein alleged, and Plaintiff's damages as herein alleged were proximately caused by said Defendants.

14. At all relevant times, each Defendant was the agent of the other Defendants and was at all times acting within the purpose and scope of such agency. Moreover, in committing the acts and omissions asserted herein, Defendants, and each of them, were acting in concert together, in the course and scope of their respective relationship with each other, whether as employees, agents, representatives, independent contractors, providers, service providers, as agents or representatives of each other, respectively, or as joint venturers, co-conspirators or otherwise.

## JURISDICTION

15. Jurisdiction in the United States District Court, Central District of California is proper under 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, exclusive of interest and costs and diversity of citizenship exists between Plaintiff and each Defendant.

## VENUE

16. Venue is proper pursuant to 28 U.S.C. §1391(b) because, on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and Plaintiff's cause of action arose in this district.

## GENERAL ALLEGATIONS

17. Plaintiff Chris Naddeo ("Plaintiff" or "Nadeo") independently created and held himself out to the public as THE MASKED SINGER, earning worldwide renown and recognition for his musical performances, and an international fan base on Internet platforms including Vine, YouTube, and Instagram.

18. In January of 2014, Plaintiff, created the MASKED SINGER persona as his username on the Vine platform, identifying himself on the platform, and in all other performances across the Internet, as THE MASKED SINGER.

19. Plaintiff's THE MASKED SINGER identity centered around video clips of his vocal musical covers, performed while wearing a distinctive, multicolored Luchador mask. Naddeo used the mask to hide his identity. Much like Defendants do now, he also strategically placed clues for viewers designed to prompt speculation about who THE MASKED SINGER might be.

20. As Plaintiff's follower count grew, so too did his international fanbase's desire to learn of THE MASKED SINGER's true identity. Many speculated that THE MASKED SINGER was a famous singer, pointing to the clues, such as accolades he displayed as indicia of his identity as a famous musician.

21. By June of 2014, THE MASKED SINGER had over 400,000 followers on Vine, drawing audiences and fans from numerous countries and nationalities. Plaintiff's reach into international audiences was extensive.

22. In January 2015, Plaintiff expanded his use of THE MASKED SINGER persona and mark, exhibiting his performances on platforms such as YouTube and Instagram.

23. THE MASKED SINGER's popularity on the Vine platform drew media inquiry, continued fan engagement, millions of followers, and a total of over one-hundred and eighty million (180,000,000) views of his videos, making Plaintiff's THE MASKED SINGER one of the most popular Vine accounts.

24. Upon Vine's shuttering in January of 2017, Plaintiff continued to exploit his THE MASKED SINGER persona across several other online platforms, including YouTube and Instagram.

25. As mentioned above, Defendants Plestis, Endemol, Fox Alternative, and Fox (collectively referred to herein, as "Defendants") have engaged in the unlawful commercial use of Plaintiff's THE MASKED SINGER name, persona, and likeness by selling, promoting, and advertising various television programs and consumer products, including apparel and costumes, based upon Plaintiff's name, persona, and likeness.

26. Plaintiff became aware of the misappropriation of his THE MASKED SINGER name, persona, and likeness when he learned that an American television program identically named "The Masked Singer" was set to premiere on the Fox television network ("Fox's The Masked Singer") in early 2019.

27. Fox's "The Masked Singer" (the "Show") premiered in January of 2019. The Show is almost identical to the premise of Plaintiff's THE MASKED SINGER, and heavily exploit's Plaintiff's persona and mark. On Fox's "The Masked Singer," celebrities sing covers of well-known songs, dressed in costumes designed to conceal their identities. Viewers and judges attempt to ascertain the identity of a costumed performer, relying solely on each musical performance and a series of clues hinting at each performer's pedigree, including red herrings intended to confuse viewers.

28. As with Plaintiff's use of his THE MASKED SINGER persona, Fox's "The Masked Singer" draws audiences with a combination of musical performances, costumes, and the lure of discovering a performer's potentially famous identity.

29. Further, Fox's Show uses a logo that closely resembles Naddeo's

1  signature Luchador mask, heightening the likelihood that consumers will associate the
2  Fox Program with Naddeo's well-known mark and persona.

| Eye Portion of Plaintiff's Signature "Luchador" Masked Singer Mask | Fox's "The Masked Singer" Logo With Similar "Luchador" masked motif |
|---|---|
|  | |

30.  Defendants Plestis, Endemol, Fox Alternative, and Fox knowingly and unlawfully appropriated and exploited Plaintiff's THE MASKED SINGER mark and persona without his consent and worked in concert with one another to appropriate Plaintiff's name in commerce, confusing and deceiving the public about Fox's the Masked Singer's alleged or possible affiliation with Plaintiff, where no such affiliation existed.

31.  In fact, such confusion has occurred, and many of Plaintiff's followers and fans have inquired or alluded to Plaintiff's affiliation with the Fox "The Masked Singer" program:

//

> **_sisky_** When the show first came out I thought it was him but now I'm mad the didn't give him any credit
> 39w  1 like  Reply
>
> **ryan_riedel** Been here since the vine days!
> 39w  1 like  Reply
>
> **mere_golden213** You were here wayyy before that show I first saw you on vine!
> 39w  1 like  Reply
>
> **richi_goes_slaughter** wait what happened
> 39w  Reply

32.   Further, Defendants' exploitation of Naddeo's THE MASKED SINGER has flooded the entertainment marketplace, preventing Naddeo from exploiting, promoting, and profiting from his THE MASKED SINGER mark and persona and damaging Plaintiff's ability to maintain an association with THE MASKED SINGER mark and persona in the marketplace. If Defendants' exploitation of THE MASKED SINGER mark is not abated, Plaintiff will suffer permanent and irrevocable harm.

**FIRST CAUSE OF ACTION
VIOLATION OF THE CALIFORNIA COMMON LAW RIGHT OF PUBLICITY
(Against All Defendants; and DOES 1-100)**

33.   Plaintiff hereby incorporates by reference Paragraphs 1 through 32 of this Complaint as though fully set forth herein and for a cause of action alleges as follows:

34.   Defendants used Plaintiff's stage name and persona for the express purpose of capitalizing on Plaintiff's stage name and persona.

35. Such use caused personal and commercial damage to Plaintiff without Plaintiff's consent, and with the intent to obtain a commercial advantage from the use of the Plaintiff's notoriety in the entertainment industry to advertise, promote, and sell Defendants' The Masked Singer television program to their substantial profit.

36. Defendants intentionally and maliciously violated Plaintiff's stage name, image, and identity in an effort to replicate and convert Plaintiff's famous THE MASKED SINGER persona. In the process, Defendants damaged Plaintiff's stage name, identity, and persona.

37. As a direct and proximate result of the wrongful conduct of Defendants, Plaintiff has been damaged in a sum that will be proven at the time of trial.

38. Defendants' conduct, as alleged above, was intentional, malicious, and oppressive and in derogation of Plaintiff's rights. As a result, Plaintiff is entitled to punitive and exemplary damages in a sum to be determined at the time of trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF CAL. CIV. CODE § 3344
**(Against All Defendants; and DOES 1-100)**

39. Plaintiff hereby incorporates by reference Paragraphs 1 through 38 of this Complaint as though fully set forth herein and for a cause of action alleges as follows:

40. In doing the acts alleged herein, Defendants have knowingly, willfully, maliciously, and unlawfully used and misappropriated Plaintiff's name and likeness in connection with the infringement of Plaintiff's trademark for their own commercial purposes.

41. Defendants' misappropriation of Plaintiff's name and likeness for their own commercial purposes is a violation of California Civil Code § 3344.

42. As a proximate result of Defendants' actions, Plaintiff has suffered, and will continue to suffer, damages in an amount to be proven at trial.

43. Defendants' actions as alleged above were willful, wanton, malicious, oppressive, and committed with the intent to injure Plaintiff. Thus, punitive damages

1 are justified to deter future wrongful conduct as alleged herein.

2   44.   Plaintiff has incurred and continues to incur attorneys' fees and seeks
3 recovery of such fees according to proof.

### THIRD CAUSE OF ACTION
### COMMON LAW TRADEMARK INFRINGEMENT
### (Against All Defendants; and DOES 1-100)

45.   Plaintiff hereby incorporates by reference Paragraphs 1 through 44 of this Complaint as though fully set forth herein and for a cause of action alleges as follows:

46.   Plaintiff has used THE MASKED SINGER mark in California since 2014, the year that Plaintiff adopted the mark.

47.   Plaintiff has used THE MASKED SINGER mark to identify and distinguish himself as a musical artist, from all other uses of the mark, by and through his proven success as a musical artist as further alleged herein.

48.   As a result of the above-mentioned efforts by Plaintiff in connection with the mark, THE MASKED SINGER mark has developed and now has a secondary and distinctive meaning to individuals,, in that individuals have come to associate "THE MASKED SINGER" trademark with Plaintiff. As a result of this association, Defendants' use of Plaintiff's mark to produce, promote, and advertise a television program using "THE MASKED SINGER" mark is likely to cause confusion or mistake or to deceive the public as to the source or origin of works produced by Defendants, which bear "THE MASKED SINGER" mark.

### FOURTH CAUSE OF ACTION
### UNLAWFUL BUSINESS PRACTICES
### (CAL. BUS. & PROF. CODE § 17200, *et seq*.)
### (Against All Defendants; and DOES 1-100)

49.   Plaintiff hereby incorporates by reference Paragraphs 1 through 48 of this Complaint as though fully set forth herein and for a cause of action alleges as follows:

50.   By the conduct described above, Defendants have engaged in unlawful

practices by violating California Civil Code § 3344, as well as Plaintiff's common law right of publicity and trademark.

51. Defendants have further engaged in practices that are likely to deceive members of the public. As alleged above, countless members of the public have been, and continue to be, deceived by Defendants' practices.

52. Defendants have also severely harmed Plaintiff by unlawfully exploiting Plaintiff's "THE MASKED SINGER" persona and mark. Prior to Defendants' Show, Plaintiff amassed millions of followers and his videos garnered over 180 million views. Now, however, Defendants' use of Plaintiff's persona and mark has flooded the entertainment marketplace, preventing Plaintiff from exploiting, promoting, and profiting from his THE MASKED SINGER mark.

53. The foregoing practices constitute unfair business practices, create unfair competition, and provide Defendants an unfair advantage over their competitors.

54. The unlawful and unfair business practices complained of herein have occurred, at least in part, within the last year preceding the filing of this Complaint. However, these practices conducted by Defendants are ongoing and present a threat and likelihood of continuing against Plaintiff. Plaintiff is therefore entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage. Accordingly, Plaintiff requests a preliminary and permanent injunction prohibiting Defendants from the unfair practices complained of herein.

55. Defendants generated a large amount of income as a direct result of the above-mentioned unlawful and unfair business practices. Plaintiff is therefore entitled to restitution of any and all monies withheld, acquired, and/or converted by Defendants by means of the unfair practices complained of herein.

56. As a result, Plaintiff seeks restitution of any and all monies acquired by Defendants by means of the unfair practices complained of herein, in addition to interest, attorney's fees, and costs, as necessary and according to proof.

# PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For an award of Defendants' profits, in an amount according to proof;
2. For compensatory damages, in an amount according to proof;
3. For all statutory penalties authorized by law;
4. An expedited order from the Court requiring Defendants to provide complete accountings;
5. For restitution of all wrongfully acquired amounts and disgorgement of all ill-gotten profits, in an amount according to proof;
6. For punitive and/or exemplary damages in an amount sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;
7. For a temporary, preliminary, and permanent injunction, enjoining Defendants and all persons or entities acting in concert with Defendants from directly or indirectly:
   a. Using, in any manner whatsoever, Plaintiff's THE MASKED SINGER name, likeness and common law trademark, including, but not limited to, any variants, colorable imitations, translations, and/or simulations thereof and/or any items that are confusingly similar thereto;
8. For Plaintiff's reasonable attorneys' fees and costs pursuant to all applicable provisions of law;
9. For all costs of suit incurred herein;
10. For prejudgment and post judgment interest at the maximum legal rate; and
11. For such other relief as the Court may deem proper.

Dated: July 31, 2020            **PESSAH LAW GROUP, PC**

                         By: */s/ Maurice D. Pessah*
                              Maurice D. Pessah, Esq.
                              Michelle M. Emrani Esq.
                              Attorneys for Plaintiff,
                              CHRIS NADDEO AKA "THE MASKED SINGER"

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated:  July 31, 2020				**PESSAH LAW GROUP, PC**


					By: */s/ Maurice D. Pessah*
						Maurice D. Pessah, Esq.
						Michelle Emrani, Esq.
						Attorneys for Plaintiff,
						CHRIS NADDEO AKA "THE MASKED SINGER"